## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | CRIMINAL CASE NO. CF 296-12 |
| v. | DECISION AND ORDER (Defendant's Motion to Reconsider) |
| PATRICK M. CASTRO, DOB: 10/01/1975 Defendant. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 14, 2014 on Patrick M. Castro's ("Defendant") Motion to Reconsider. William B. Pole, Esq. represented the Defendant. Assistant Attorney General Christopher R. Odoca represented the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's Motion.

## BACKGROUND

The Defendant was indicted on May 11, 2012 with the following charges: (1) Theft by Receiving Stolen Property (As a 2nd Degree Felony); (2) Theft by Receiving Stolen Property (As a 2nd Degree Felony); (3) Theft by Receiving Stolen Property (As a 2nd Degree Felony); and (4) Theft by Receiving Stolen Property (As a 3rd Degree Felony). Indictment (May 11, 2012). He was arraigned on May 16, 2012 where he entered a plea of not guilty and asserted his right to speedy trial. Super. Ct. of Guam Minute Entry Log No. 14850 (May 16, 2012). On June 25,

2012, the Defendant waived his right to speedy trial. Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case (June 25, 2012). Although the Court was prepared to go to trial on July 12, 2012, the parties informed the Court that they had reached a resolution. Transcript JDAASCRA (July 12, 2012) at 1:06:13 p.m. The Defendant agreed to plead guilty to two counts of Theft by Receiving Stolen Property (As a 2nd Degree Felony) in exchange for his cooperation against Irvin White, the defendant in CF 837-12. Id. at 3:03:09 p.m. The plea agreement was filed on July 19, 2012.

On December 10, 2012, the Defendant informed the Court that he could not continue forward with his plea agreement and that he wished to have another attorney assigned to his case. Transcript JDAASCRA (Dec. 10, 2012) at 10:27:33 a.m. On February 19, 2013, the Office of the Public Defender filed its Motion to Withdraw as Attorney of Record, and that same day, the People filed its Non-Opposition to Motion. Eventually, this case was assigned to Attorney Pole on July 9, 2013. Notice of Court Appointed Counsel (July 10, 2013).

On August 29, 2013, the Defendant filed his Motion to Vacate Plea Agreement Pursuant to Contract Law, and on September 17, 2013, the Defendant filed his Motion to Vacate Plea Agreement Pursuant to the Plea Not Being Made Voluntarily, Knowingly, and Intelligently. The People filed their opposition on October 22, 2013, and this Court heard the matter on December 23, 2013. This Court subsequently issued its Decision and Order on February 23, 2014 denying both of Defendant's Motions.

The Defendant filed his Motion to Reconsider on March 4, 2014 and the People filed its opposition on March 31, 2014. This Court heard oral arguments on April 14, 2014 and placed the matter under advisement. Having considered the arguments set forth by both parties, this Court now issues this Decision and Order **DENYING** Defendant's Motion.

## DISCUSSION

Defendant moves to reconsider his previous Motions to Vacate Plea Agreement pursuant to CR 1.1(d)[1], arguing that new information has come to light that would warrant reconsideration. Def.'s Mot. Recons. at 1 (Mar. 4, 2014). The Defendant argues that the arresting officer in this case, Officer Constantino Faustino ("Officer Faustino"), had been "accused of falsifying a police report and conduct unbecoming [of] an officer," and that had this information been available prior to change of plea, both Defendant's oral statements and his eventual waiver would have been challenged. Id. at 1-2. Furthermore, Defendant contends that the validity of his waiver must be reevaluated and that he "could not have knowingly waived his right to a trial if his evaluation of the likely hood [sic] of conviction was based upon evidence that could have been suppressed if the truth had been known at the time of the taking of the plea." Id. at 2. The Defendant also stresses that an evidentiary hearing must be set to determine whether ineffective assistance of counsel caused him to enter into the plea agreement. Id. at 2-3. Lastly, Defendant seeks clarity as to whether this Court, upon issuing its December 26, 2013 Decision and Order, considered the plea to be illegal. Id. at 3.

The People oppose Defendant's Motion, arguing that the Defendant has failed to identify any legitimate grounds for reconsideration. People's Opp'n Mot. at 1 (Mar. 21, 2014). Specifically, the People state that the arresting officer's alleged misconduct in a completely unrelated matter is "not only immaterial, it is wholly irrelevant" in regards to the Defendant's change of plea. Id. at 2. The People also argue that the Defendant's other claims "impermissibly rehash arguments already made in support of the original motion, and each of which have already been addressed by the [C]ourt." Id. at 3.

---

[1] Pursuant to Promulgation Order No. PRM13-002-01, CR 1.1(d) of the Local Rules applies CVR 7.1(i) to criminal matters.

The Local Rules of the Superior Court of Guam provide the grounds on which a motion may be renewed:

> (1) [A] material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CR 1.1(d).

Upon reviewing the arguments set forth by both parties, as well as the relevant legal authority, this Court is of the opinion that reconsideration of the Defendant's previous motions under CR 1.1(d) would not be appropriate at this time.

This Court will first address the Defendant's argument regarding the alleged "new information." Officer Faustino's subsequent arrest does not constitute a "new material fact" sufficient to warrant reconsideration of Defendant's prior motions to vacate his plea agreement. A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome." Bank of Guam v. Flores, 2004 Guam 25, ¶ 8. Officer Faustino's alleged misconduct occurred over one year after the Defendant's plea agreement was issued. Furthermore, this alleged misconduct is in relation to a matter that is separate and distinct from the matter presently before this Court. Therefore, this Court agrees that such information is both immaterial and irrelevant to the case at hand.

The Defendant also argues that his oral statements obtained at the time of his arrest could have been suppressed had information of Officer Faustino's truthfulness been known,

thus invalidating his waiver of his right to go to trial; this Court cannot agree with such logic. Evidence obtained as a direct result of an unlawful arrest may be suppressed under the Fruit of the Poisonous Tree Doctrine. People of Guam v. Cundiff, 2006 Guam 12 ¶ 41 (citing Segura v. United States, 468 U.S. 796, 804-05 (1984)). Upon reviewing the facts of this case, there appears to be nothing in the record to indicate that the Defendant's oral statements were obtained unlawfully. Furthermore, the Defendant has failed to cite any specific authority to support his argument that subsequent police misconduct would create grounds for challenging the lawfulness of an arrest. Therefore, this Court concludes that because it is unlikely that such evidence would have been suppressed, the Defendant's subsequent waiver of his right to a trial was valid.

Next, the Court will address the Defendant's argument that "the Government has an independent obligation . . . to investigate whether Officer Faustino has prejudiced the rights of Defendants in other cases." Def.'s Mot. Recons. at 2 (Mar. 4, 2014). Although Defendant refers to Kyles v. Whitley, 514 U.S. 419 (1995), to support this argument, there is a clear distinction between that case and the case presently before this Court. In Kyles, the Court held that prosecution has a duty to disclose "known, favorable evidence" if such disclosure would have an impact on the outcome of the case. See Id. at 437-38. In the case presently before the Court, as previously stated, Officer Faustino's misconduct allegedly occurred well over one year *after* the Defendant in this case delivered his oral statements and waived his right to trial; without more, it would not have been possible, based on this information, for the People to have known of Faustino's propensity to be untruthful. Therefore, this Court finds no reason to reevaluate the Defendant's waiver.

In regards to the Defendant's claim of ineffective assistance of counsel, this Court acknowledges that an evidentiary hearing is still necessary to determine whether the Defendant entered into his plea agreement as a direct result of such ineffective assistance. The Defendant stresses that "[i]t would be an abuse of discretion not to conduct an evidentiary hearing." Def.'s Mot. Recons. at 3 (Mar. 4, 2014). In light of Defendant's claim, and in an overabundance of caution, this Court will schedule an evidentiary hearing at the earliest possible convenience. Until such time, however, this Court cannot grant Defendant's Motion to Reconsider based on this claim.

Lastly, this Court will address Defendant's concern as to the legality of the plea agreement. Defendant claims that because the plea does not require the People to seek permission from the Court before withdrawing from the agreement, the plea is illegal. Def.'s Mot. Recons. at 3 (Mar. 4, 2013). This argument was first made in Defendant's Addendum to Motion to Vacate Plea Agreement Pursuant to Contract Law filed on December 26, 2013. The Court does not agree with the Defendant's interpretation of the language within the plea agreement, nor does this Court find the agreement to be illegal. Once a guilty plea is entered, a defendant is typically precluded from withdrawing his plea without first seeking the permission of the court. See Centers v. State, 501 N.E.2d 415, 417 (Ind. 1986). Because it is implied that withdrawal of a plea lies in the discretion of the Court, the omission of such specific language within a plea agreement does not render the agreement invalid. Furthermore, "while the government may not coerce a defendant into an involuntary plea, the government has a wide latitude in how it reaches a plea." United States v. Yeje-Cabrera, 430 F.3d 1, 24 (1st Cir. 2005). Absent evidence of coercion or impropriety on the part of the People in negotiating this plea, the Court finds the plea agreement in this case to be valid.

Accordingly, the Court **DENIES** Defendant's Motion to Reconsider.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Reconsider.

Evidentiary Hearing is scheduled for ___7/24/14 @ 10 a.m.___

**SO ORDERED** this __10__ day of JULY, 2014.

_____

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG/WESPOLE

JUL 10 2014 Time: 1:45 pm

Deputy Clerk, Superior Court of Guam